**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PATRICK ORLANDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-0264-CDW |
| | ) | |
| DIGITAL WORLD | ) | |
| ACQUISITION CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RESOLVING PLAINTIFF'S APPLICATIONS
FOR IMPROPERLY DISPUTED FEES AND EXPENSES**

**WHEREAS:**

A. On March 15, 2024, plaintiff filed his complaint seeking from defendant advancement of fees and expenses incurred through investigations by the United States Securities and Exchange Commission and Department of Justice, litigation brought in Sarasota, Florida, and accusations of breaches of fiduciary duties (collectively, "Covered Proceedings").[1]

B. On April 3, the court granted the parties' stipulated order governing the advancement of fees and expenses.[2] Under the Advancement Order, plaintiff is entitled to "payment of all reasonable Advancement

---

[1] Pl.'s Verified Compl. for Advancement, Docket Item ("D.I.") 1; Advancement Order, D.I. 10 ("Advancement Order").

[2] *See generally* Advancement Order.

Expenses and Fees-on-Fees."[3]  The Advancement Order contains procedures for defendant to object to fees it deems unreasonable or outside the scope of the Advancement Order,[4] and mechanisms to resolve any objections.[5]

C.    On February 22, 2025, plaintiff filed a motion to modify the Advancement Order.[6] The court largely denied plaintiff's motion, except it permitted plaintiff to make limited redactions to invoices from expert witnesses before submitting them to defendant.[7]

D.    On March 31, plaintiff filed his first application for payment of disputed fees and expenses ("First Application").[8]  In the First Application, plaintiff alleged that defendant objected to paying fees related to a motion for contempt and sanctions in the Florida litigation ("Sanctions Motion"), among other motion practice, and jury trial consulting.[9]  Defendant also objected to paying for administrative work billed at full market rate.[10]  Plaintiff asked the

---

[3] Advancement Order ¶ 1.

[4] *See id.* ¶ 3.

[5] *See id.* ¶¶ 4–7.

[6] D.I. 22.

[7] *See* D.I. 28.

[8] D.I. 29.

[9] *Id.* ¶¶ 24–35.

[10] *Id.* ¶¶ 18–20.

court to order defendant to pay the disputed fees with interest and fees-on-fees incurred in connection with the First Application.[11]

E.      On April 29, four days after briefing on the First Application completed, the case was transferred to the current judicial officer.[12]   On June 9, I scheduled a hearing on the First Application for August 4.[13]

F.      On June 23, plaintiff filed his second application for payment of disputed fees and expenses ("Second Application").[14]   The Second Application largely resembled the First Application, discussing nonpayment of fees in relation to the Sanctions Motion and administrative work.[15] Defendant mostly maintained its previous positions, but included two new objections: vagueness in the time entries and inconsistencies in the total hours billed.[16]

G.      On August 4, the court held oral argument on both applications and took the matter under advisement.[17]

---

[11] *Id.* ¶¶ 37–38.

[12] *See* D.I. 38.

[13] D.I. 41.

[14] D.I. 42

[15] *Compare* Second App. ¶¶ 17–19 n.4, 22–25, *with* First App. ¶¶ 17–33.

[16] *Contrast* D.I. 45 ¶¶ 23–26, 28, *with* D.I. 34 ¶¶ 9–35.

[17] D.I. 49.

**IT IS ORDERED**, this 24th day of September, 2025, that:

1.  Plaintiff's applications are GRANTED IN PART and DENIED IN PART. Defendant must pay $1,514,429.16, plus interest, for fees incurred in relation to the Covered Proceedings—including the Sanctions Motion— and fees-on-fees for the First Application and Second Application. The court denies without prejudice plaintiff's request for the contested administrative fees.

2.  As the party seeking advancement, plaintiff "bears the burden of justifying" the amounts sought.[18] Advancement is a form of contractual fee-shifting.[19] When determining whether the amount fees sought under a contractual provision is reasonable, Delaware courts consider the factors set forth in Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct.[20] Further, trial courts must consider "whether the number of hours devoted to litigation was excessive, redundant, duplicative, or otherwise unnecessary."[21]

---

[18] *E.g.*, *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 823–24 (Del. 1992).

[19] *White v. Curo Tex. Hldgs., LLC*, 2017 WL 1369332, at *4 (Del. Ch. Feb. 21, 2017) (citing *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) ("*Fitracks II*")).

[20] *See Mahani v. EDIX Media Gp., Inc.*, 935 A.2d 242, 245–46 (Del. 2007); *White*, 2017 WL 1369332, at *4; *Fitracks II*, 58 A.3d at 995.

[21] *Mahani*, 935 A.2d at 247–48.

3. "Determining the reasonableness of the amounts sought, however, 'does not require that this Court examine individually each time entry and disbursement,'[22] nor does it "require the [c]ourt to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic."[23] "For a [c]ourt to second-guess, on a hindsight basis, an attorney's judgment . . . is hazardous and should whenever possible be avoided."[24]

4. The summary nature of an advancement proceeding cuts against a granular review,[25] and this court has routinely held "the advancement stage 'is not the proper stage for a detailed analytical review of the fees, whether in terms of the strategy followed or the staffing and time committed.'"[26]

5. It is not the purpose of an advancement proceeding "to inject this court as a [periodic] monitor of the precision and integrity of advancement

---

[22] *White*, 2017 WL 1369332, at *4 (quoting *Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch. Aug. 13, 2010)).

[23] *Fitracks II*, 58 A.3d at 997.

[24] *Arbitrium (Cayman Islands) Handels AG v. Johnston*, 1998 WL 155550, at *4 (Del. Ch. Mar. 30, 1998), *aff'd,* 720 A.2d 542 (Del. 1998).

[25] *White*, 2017 WL 1369332, at *5. *See also Kuang v. Cole Nat'l Corp.*, 884 A.2d 500, 510 (Del. 2005) ("[D]etailed analysis . . . is both premature and inconsistent with the purpose of a summary [advancement] proceeding.").

[26] *White*, 2017 WL 1369332, at *5 (quoting *Duthie v. CorSolutions Med., Inc.*, 2008 WL 4173850, at *2 (Del. Ch. Sept. 10, 2008)).

requests"[27] and the court "does not relish and will not perform the task of playground monitor, refereeing needless and inefficient skirmishes in the sandbox."[28]

6.    "Unless some gross problem arises, a balance of fairness and efficiency . . . counsel[s] deferring fights about details until a final indemnification proceeding."[29]  Consequently, this court generally defers to the good faith certification of counsel submitting invoices as to whether the amounts sought are reasonable.[30]

7.    If an advancing entity objects to the reasonableness of fees and expenses sought, it bears the burden of proving unreasonableness by "clear abuse."[31]

---

[27] *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003).

[28] *Reinhard & Kreinberg v. Dow Chem. Co.*, 2008 WL 868108, at *5 (Del. Ch. Mar. 28, 2008).  A dispute over whether fees and expenses are payable under a *Fitracks* order is also not an occasion for subjecting the court to nearly a foot's worth of paper weighing more than 22 pounds.

[29] *Fasciana*, 829 A.2d at 177.

[30] *See e.g.*, *Weil v. VEREIT Op. P'ship, L.P.*, 2018 WL 834428, at *7 (Del. Ch. Feb. 13, 2018) (citing *Duthie v. CorSolutions Med., Inc.*, 2008 WL 4173850, at *2 (Del. Ch. Sept. 10, 2008)); *see also* DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 9.02[d] (T. Brad Davey et al. eds., 2nd ed. 2024) ("WOLFE & PITTENGER") (the evaluation of reasonableness in advancement actions involves inquiring if "the services rendered [were] thought prudent and appropriate in the good faith professional judgment of competent counsel[.]").

[31] *White*, 2017 WL 1369332, at *10. *See also* WOLFE & PITTENGER § 9.02[d].  What constitutes "clear abuse" is not well-defined in our law, although the court has suggested that litigation strategy decisions in a covered proceeding must be

– 6 –

8.    Defendant objects to plaintiff's fee invoices for three reasons. First, defendant asserts that it need not pay for fees incurred in the Sanctions Motion because they arose from bad-faith conduct for which the Florida court sanctioned plaintiff.[32]    Second, defendant argues that the time entries submitted by plaintiff's counsel are too vague and "do not provide [defendant] . . . with sufficient detail to assess the reasonableness of the charges[.]"[33] Third, defendant challenges the hourly rate plaintiff's counsel used for legal professionals completing administrative or clerical work.[34]    I address each of these arguments in turn, then I conclude with plaintiff's request for fees-on-fees and entitlement to prejudgment interest.

**Sanctioned Conduct Objection**

9.    Defendant objects to paying fees plaintiff incurred for "sanctionable conduct," and contends that doing so is unreasonable

---

"unmistakably unreasonable" to rise to the level of "clear abuse." *See Horne v. OptimisCorp*, 2017 WL 83814, at *5 (Del. Ch. Mar. 3, 2017) (quoting *DeLucca v. KKAT Mgmt., L.L.C.*, 2006 WL 224058, at *16 n.42 (Del. Ch. Jan. 23, 2006)).  Whether conduct in a covered proceeding undertaken in bad faith, as determined by the court in that covered proceeding, rises to the level of clear abuse is not something the court needs to resolve here, so it does not. *See infra* ¶¶ 9, 11, 13–14.

[32] D.I 45 ¶ 14; D.I. 34 ¶¶ 12–23.

[33] D.I. 45 ¶ 25.

[34] D.I. 45 ¶¶ 17–22; D.I. ¶¶ 24–27.

– 7 –

("Sanctioned Conduct Objection").[35] Specifically, defendant claims the Florida court found plaintiff acted in "bad faith"[36] and that plaintiff "appeared to be engaging in 'a purposeful and intention refusal to prevent lawful discovery[.]'"[37]

10. Defendant reasons that it should not have to pay for the "re-collection, searches, review, and production of documents that [plaintiff] should have produced" initially.[38]

11. Plaintiff disputes these assertions, pointing out that the Florida court did not find plaintiff to be litigating in bad faith, and asserting that defendant is "inappropriately mischaracterizing [plaintiff's] litigation conduct."[39] Plaintiff points to other instances in the transcript where the Florida court contradicted defendant's position.[40]

12. Defendant's objection is based on reasonableness of the fees incurred, so it must demonstrate the fees sought in connection with the sanctions constitute "clear abuse."

---

[35] D.I. 34 ¶¶ 12–20.

[36] Defendant cites no authority or court ruling that supports this contention.

[37] *Id.* ¶ 14 (citation missing in original).

[38] D.I. 45 ¶ 11. *See also* D.I. 34 ¶ 16.

[39] D.I. 42 ¶ 25 n.5. *See also* D.I. 47 ¶¶ 3–5.

[40] D.I. 45, Ex. B 165.

13. Plaintiff's counsel certified the invoices, and defendant has provided this court no evidence to suggest they were prepared or certified in bad faith. Defendant merely points to remarks on a transcript, in which the Florida court explicitly ruled that while plaintiff's conduct was contemptuous, it was not bad faith.[41]

14. Defendant has not met its burden. At bottom, defendant takes the maximalist position that awarding fees and expenses for sanctioned conduct is per se unreasonable and thus not advanceable. Ever. The court disagrees. I will not draw the bright line defendant wants where defendant wants it. There are thousands of judges on thousands of courts in this country and across the globe, any one of whom might have a case giving rise to an advancement claim here. There is, to my mind, simply too much potential variability as to why any one judge on any one court might decide conduct is

---

[41] *See* D.I. 45, Ex. B 164–66. Even though the Florida court mused that plaintiff's conduct "came close" to bad faith, that does not make it so. *Id.* at 166. Unlike horseshoes and hand grenades, this is not a situation where "close" is good enough. *Cf. Ramos v. Louisiana*, 590 U.S. 83, 139 (2020) (Thomas, J., concur.) ("Close enough is for horseshoes and hand grenades, not constitutional interpretation."); *Obsidian Fin. Grp., LLC v. Identity Theft Guard Sols., Inc.*, 2021 WL 1578201, at *8 (Del. Ch. Apr. 22, 2021) ("Unlike horseshoes or hand grenades, there is no 'close enough' when it comes to earnouts negotiated by sophisticated parties based on the estimated probability that the precise measure would be hit.").

contemptuous or sanctionable[42] for this court to declare that fees related to such conduct are never advanceable.

15.  Advancement is not the appropriate time for the court to make final calls about the recoverability of fees and expenses incurred in a covered proceeding, while that covered proceeding is still in progress and rulings in that covered proceeding are not yet final.[43]  Defendant can raise this issue again—and potentially be made whole—in a future indemnification proceeding.[44]

---

[42] *See* MY COUSIN VINNY, Amazon Prime, at 71:51–73:04 (20th Century Fox 1992):

> Vincent Gambini:  I bought a suit.  You seen it.  Now it's covered in mud.  This town doesn't have a one-hour cleaner so I had to buy a new suit, except the only store you could buy a new suit in has got the flu.  You get that?  The whole store got the flu, so I had to get this in a secondhand store.  So, it's either wear the leather jacket, which I know you hate, or this.  So, I wore this *ridiculous* thing for you.
>
> Judge Chamberlain Haller:  Are you on drugs?
>
> Gambini:  Drugs?  No.  I don't take drugs.
>
> Judge:  I don't like your attitude.
>
> Gambini:  So what else is new?
>
> Judge:  I'm holding you in contempt of court.

[43] Indeed, unless governing documents say otherwise, advancement continues through the final disposition of a covered proceeding on appeal, even in cases where a jury finds beyond reasonable doubt that a covered individual has intentionally committed crimes.  *See Sun-Times Media Grp., Inc. v. Black*, 954 A.2d 380, 389–406 (Del. Ch. 2008) (holding that a "final disposition" under 8 *Del. C.* § 145 is "the final, non-appealable conclusion of a proceeding" and includes the appeal of a criminal conviction).

[44] *See Fasciana*, 829 A.2d at 177.

– 10 –

16.     The court accepts the certification of plaintiff's counsel and finds the fees sought to be advanceable.  Defendant must pay the fees it disputes on this basis.

**Vagueness Objection**

17.     Defendant also claims that the invoices plaintiff provided are insufficiently detailed for defendant to assess their reasonableness.[45] Defendant claims that the entries are too vague because it cannot determine whether specific entries are related to the sanctioned conduct objection ("Vagueness Objection").[46]  The court overrules the Vagueness Objection.

18.     First, the court overrules the Vagueness Objection because it is moot.  The court has rejected the Sanctioned Conduct Objection and directed defendant to pay the fees it disputed on that basis, so defendant's professed inability to tell if specific entries are related to the Sanctioned Conduct Objection is irrelevant.

19.     Second, the court overrules the Vagueness Objection because defendant has not demonstrated clear abuse.  The court need not review each time entry, nor determine whether counsel's tactics or work was appropriate

---

[45] D.I. 45 ¶ 25.

[46] *Id.*

at this stage.[47] The court must only determine if the entries constitute clear abuse.[48]

20. In advancement proceedings, time entries are reasonable if they "provide enough information for the defendant to confirm that the amounts requested are properly advanceable."[49] Reasonableness does not entitle defendant to "portions of billing statements that might reveal" plaintiff's litigation strategy,[50] "'[t]he mental processes[,] or other work product'" of plaintiff's attorneys.[51]

21. This court has previously held that entries are reasonable if they "explained both the type of work performed . . . along with the 'case-related event to which th[e] work specifically related.'"[52]

---

[47] *See White*, 2017 WL 1369332, at *4 (quoting *Aveta Inc.*, 2010 WL 3221823, at *6); *Fitracks II*, 58 A.3d at 997.

[48] *White*, 2017 WL 1369332, at *10.

[49] *Pontone v. Milso Indus. Corp.*, 2014 WL 2439973, at *17 (Del. Ch. May 29, 2014) (citing *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 825 (Del. 1992)).

[50] *See Zaman v. Amedeo Holdings, Inc.*, 2008 WL 2168397, at *38 (Del. Ch. May 23, 2008)

[51] *Pontone*, 2014 WL 2439973, at *17 (quoting *Citadel Holding Corp.*, 603 A.2d at 825 n.8).

[52] *In re TransPerfect Global, Inc.*, 2021 WL 1711797, at *32 (Del. Ch. Apr. 30, 2021) *aff'd sub nom. TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630 (Del. 2022) (quoting *Morris v. Astrue*, 2013 WL 257108, at *4-5 (D. Del. Jan. 23, 2013)). The court noted that acceptable entries for type of work could be simple labels such as "legal research, analysis, motion, or brief drafting, etc." *Id.*

22. Defendant has not demonstrated clear abuse here. The exhibits submitted include examples of these fee invoices.[53] These entries contained sufficiently detailed descriptions of the work performed and plaintiff's counsel certified that the work performed was advanceable and in relation to the Covered Proceedings.[54] That is sufficient for this summary proceeding.

23. Defendant must pay plaintiff's fees it withheld on vagueness grounds.

**Administrative Work Objection**

24. Lastly, defendant objects to the rate it was charged for certain clerical and administrative tasks. Defendant asserts that "administrative time should be reimbursed at an administrative rate, regardless of whether an attorney, paralegal, or legal assistant bills that time."[55]

25. Plaintiff vigorously argues the opposite. Plaintiff says that Vedder Price, P.C. does not have an administrative rate for clerical work performed by attorneys and paralegals and should not be forced to create a

---

[53] *See generally*, D.I 45, Ex. E.

[54] Plaintiff's counsel further represented to the court that they informed defense counsel that the fees sought were not related to the Sanctions Motion. D.I. 42 ¶ 21 n.5.

[55] D.I. 34 ¶ 24. Defendant reiterated this point in its objection to the Second Application. D.I. 45 ¶ 7.

new rate to satisfy defendant.[56] Plaintiff also maintains that defendant's refusal to "provide its own counsel's invoices or [administrative] rates" waives this objection.[57]

26. Although plaintiff is correct that work performed by paralegals is advanceable,[58] the rest of his argument is unsupported by law. Plaintiff's position is that because Vedder Price does not have an administrative rate and because Vedder Price's paralegals' standard billable rate is less than the administrative rate used by plaintiff's Delaware counsel, defendant must pay the Vedder Price paralegal rate even for purely administrative tasks.[59] The court disagrees.

27. As the United States Supreme Court stated, "it is appropriate to distinguish between legal work . . . and other work which can often be accomplished by non-lawyers" and held that "purely clerical" tasks should not

---

[56] *See id.*

[57] D.I 42 ¶ 25 ("Vedder Price does not have an administrative rate to provide as a compromise proposal.").

[58] *See TransPerfect*, 2021 WL 1711797, at *28–29.

[59] D.I. 42 ¶ 25.

be billed at a legal professional's full rate, no matter who performs the work.[60]

Delaware law adheres to this principle as well.[61]

28.    The point here is that if Vedder Price deems it necessary, or simply desirable, for its attorneys or paralegals to (for example) copy, collate, and bind documents themselves rather than delegate that task to a member of Vedder Price's administrative team, Vedder Price may do that.  But Vedder Price cannot charge its full attorney or paralegal rate for that work—it must charge a lesser administrative rate or forego recovery entirely.  That Vedder Price's full rates may be less than the administrative rates charged by other firms in other markets is irrelevant here.

29.    The court also rejects plaintiff's argument that defendant must provide its own counsel's invoices if it is challenging the reasonableness of rates.[62]  Defendant is not contesting the reasonableness of specific entries on plaintiff's invoices with this objection, it is objecting to plaintiff's failure to use an administrative rate for administrative tasks performed by Vedder Price

---

[60] *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  *See also TransPerfect*, 2021 WL 1711797, at *32 (quoting *Jenkins  by Agyei*).

[61] *See, e.g.*, *TransPerfect*, 2021 WL 1711797, at *32 (reducing certain billing entries by 20% for administrative tasks performed in the entry).

[62] D.I. 42 ¶ 24.

legal personnel. Plaintiff does not need to see defendant's counsel's invoices to fix that problem.

30. The court thus rejects plaintiff's request for these disputed fees. This rejection is without prejudice to plaintiff's ability to seek payment for the work if it establishes an appropriate administrative rate for administrative work performed by Vedder Price personnel. Any future disputes on this point may be presented to the court in accordance with the Advancement Order.

**Fees-on-Fees and Prejudgment Interest**

31. Plaintiff is entitled to fees-on-fees proportionate to success and prejudgment interest under the Advancement Order. Paragraph 1 of the Advancement Order held that plaintiff is entitled to "the payment of all reasonable Advancement Expenses and Fee-on-Fees" incurred in enforcing plaintiff's rights to advancement.[63]

32. Plaintiff is also entitled to interest. Under the Advancement Order, "if the [c]ourt finds for [plaintiff[ in whole or in part regarding any disputed amount, pre-judgment interest will be due on any amount awarded at the Delaware legal rate of interest, compounded at an interval to be determined by the parties or the [c]ourt, from the date of the applicable

---

[63] Advancement Order ¶ 1.

demand[.]"[64]  The legal rate of interest in Delaware is "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due."[65]

33.     The court finds that interest should be compounded quarterly. With that decided, the court expects the parties will be able to perform the necessary interest calculations using the Federal Reserve discount rate in effect on the date of each applicable demand.  If the parties cannot agree on those numbers, they must file a joint document setting forth their respective calculations and the bases for those calculations by October 8, 2025.

**Conclusion**

34.     Plaintiff is entitled to payment of fees defendant objected to in connection with the Sanctioned Conduct Objection and the Vagueness Objection, with interest.  Plaintiff is also entitled to fees-on-fees incurred with the First Application and Second Application.

*/s/ Christian Douglas Wright*
Magistrate in Chancery

---

[64] Advancement Order ¶ 8.

[65] 6 *Del. C.* § 2301(a).